United States District Court
Southern District of Texas
**ENTERED**
April 27, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PEDRO PEREZ-HERNANDEZ, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:22-cv-16 |
| | § | CRIM. ACTION NO. 1:15-775-1 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On February 18, 2022, Petitioner Pedro Perez-Hernandez filed a motion to vacate, set aside or correct his sentence pursuant to 42 U.S.C. § 2255. Dkt. No. 1.

On April 22, 2022, the Government filed a motion in response to the petition. Dkt. No. 12.

After reviewing the file and the relevant case law, the Court recommends that the petition be denied. Perez-Hernandez's petition is untimely filed and substantively meritless.

## I. Background

### A. Factual Background

#### 1. Indictment & Trial

On August 25, 2015, the grand jury indicted Perez-Hernandez on one count of illegally re-entering the United States after having been previously deported, a violation of 8 U.S.C. § 1326(a) & (b)(1). U.S. v. Perez-Hernandez, Criminal No. 1:15-775-1, Dkt. No. 5 (J. Hanen presiding) [hereinafter CR]. A public defender was appointed to represent Perez-Hernandez. CR Dkt. No. 3.

On September 24, 2015, the public defender filed a motion to withdraw, citing a breakdown in the attorney-client relationship. CR Dkt. No. 9. On September 25, 2015, the Court granted the motion to withdraw and appointed new defense counsel. CR Dkt. No. 10.

On October 22, 2015, Perez-Hernandez's counsel filed a motion to withdraw, on the grounds that he had just been appointed as a state court judge. CR Dkt. No. 14.  On October 27, 2015, the Court granted the motion and appointed new defense counsel. CR Dkt. No. 15.

On January 19, 2016, Perez-Hernandez filed a pro se motion to have his defense counsel replaced for advising him to waive his preliminary examination. CR Dkt. No. 24. On January 26, 2016, the Court granted the motion and appointed new defense counsel. CR Dkt. No. 26.

On March 17, 2016, Perez-Hernandez's counsel filed a motion for permission to retain an expert, a local immigration attorney, to determine whether Perez-Hernandez had a valid claim to U.S. citizenship, which would serve as an absolute defense to his conviction.[1]  CR Dkt. No. 27.  The following day, the Court granted the motion to retain the expert. CR Dkt. No. 28.

On May 16, 2016, the Court held the final pretrial conference. CR Dkt. No. 142. The Court inquired as to whether Perez-Hernandez was aware of the "downsides" of going to trial.  Defense counsel responded:

> Your Honor, I've discussed with Mr. Perez the fact that we're looking at roughly a year and a half difference. If he's convicted of this offense, the points for acceptance of responsibility, if he doesn't receive those, would be about 18 months, 16 months, just kind of depending on which criminal history level he would be determined to fall in.

CR Dkt. No. 142, p. 2.

The Court asked Perez-Hernandez if he still wanted to go to trial, knowing those downsides. Id.  Perez-Hernandez replied, "Yes, Your Honor." Id.

On May 17, 2016, before the start of trial, Perez-Hernandez made a pro se oral motion to have defense counsel replaced on the basis of ineffective assistance of counsel. CR Dkt. No. 143, pp. 2-6.  Defense counsel informed the Court that his expert's opinion

---

[1] "[C]itizenship negates the alienage requirement of [. . .] 8 U.S.C. § 1326." U.S. v. Juarez, 672 F.3d 381, 386 (5th Cir. 2012).

was that Perez-Hernandez "has no relief under the law." <u>Id</u>., p. 6.  Defense counsel added that:

> I've done everything I possibly could do and know to do to look for some type of defense, some type of claim for relief for citizenship, for anything. And I've explained to Mr. Perez that I can't find it. I don't believe it exists, but that's not what he wants to hear. He wants to hear that there is some way the law will provide him for relief and I just don't see it, Your Honor.
> CR Dkt. No. 143, pp. 6-7.

The Court denied the motion for new counsel, stating that, "we can't shoot the messenger just because a -- a lawyer has to deliver bad news." CR Dkt. No. 143, p. 7.

On May 18, 2016, following a two-day jury trial, Perez-Hernandez was convicted of illegal re-entry. CR Dkt. No. 51.

On June 13, 2016, Perez-Hernandez filed a motion for substitution of counsel, with retained counsel to take over at sentencing. CR Dkt. No. 58.  On June 14, 2016, the Court granted the motion. CR Dkt. No. 60.

## 2. Presentence Report

In the final presentence report ("PSR"), Perez-Hernandez was assessed a base offense level of eight. CR Dkt. No. 68, p. 4.  He was also assessed an eight-level enhancement because his prior removal followed a conviction for an aggravated felony, namely a 2012 federal conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). <u>Id</u>.[2]  Thus, Perez-Hernandez was assessed a total offense level of 16. <u>Id</u>.

Regarding his criminal history, Perez-Hernandez had 14 adult criminal convictions and was assessed three criminal history points. CR Dkt. No. 68, pp. 5-9.  He was assessed an additional two criminal history points because he was on federal supervised released at the time that he committed the instant offense. <u>Id</u>.  Thus, he was assessed five total criminal history points, resulting in a criminal history category of III.  An offense level of 16 and

---

[2] The Court notes, in passing, that Perez-Hernandez could have also been indicted for having been an illegal alien in possession of a firearm. 18 U.S.C. § 922(g)(5)(A).

criminal history category of III, produced a sentencing guideline imprisonment range of 27 to 33 months.

### 3. Sentencing

On August 22, 2016, Perez-Hernandez's retained counsel made an oral motion to withdraw. CR Dkt. No. 77.  On that same day, the Court granted the motion and appointed new counsel. Id.

On March 14, 2017, Perez-Hernandez filed objections to the PSR. CR Dkt. No. 100. As relevant here, Perez-Hernandez argued that he should receive acceptance of responsibility because he did not contest his factual guilt at trial, but used the trial "to assert and reserve issues that do not relate to factual guilt," such as the deportation process. Id.

On March 22, 2017, the Court held the sentencing hearing. CR Dkt. No. 113.  The Court allowed Perez-Hernandez a two-level reduction for acceptance of responsibility. Id., p. 25.  His revised guideline sentencing range was 21 to 27 months. Id.  The Court sentenced Perez-Hernandez to 24 months imprisonment, and three years of supervised release. Id., pp. 32-33.  His term of supervised release from his prior conviction was revoked and he was sentenced to four months of imprisonment, to be served consecutively to the sentence in this case. Id., pp. 34-35.  Judgment was entered on April 7, 2017. CR Dkt. No. 105.

### 4. Direct Appeal

On April 11, 2017, Perez-Hernandez timely filed a notice of appeal. CR Dkt. No. 105.

On direct appeal, Perez-Hernandez argued that the district court "used his uncounseled deportation proceedings to impose an eighteen-month sentencing enhancement in violation of the Sixth Amendment and the Due Process Clause." CR Dkt. No. 56, p. 2.  He also attacked the revocation of his supervised release from the prior case. Id

On February 9, 2018, the Fifth Circuit affirmed Perez-Hernandez's conviction and sentence. CR Dkt. No. 56.  The Fifth Circuit found that Perez-Hernandez's attack on the sentencing enhancement was really "an attack on the prosecutor's decision to charge him

with violating § 1326, rather than 8 U.S.C. § 1325, in light of his prior deportation." Id., p. 2.  The appellate court found that because the jury convicted Perez-Hernandez of violating § 1326, the district court did not err by sentencing him accordingly. Id.  As to the attacks on the supervised release revocation, the appellate court found that he had already been released from custody, mooting any attacks on the revocation. Id.

Perez-Hernandez did not file a petition for writ of certiorari with the Supreme Court. Perez-Hernandez had 90 days in which to file that petition; that deadline expired on May 10, 2018. SUP. CT. R. 13.1.  Thus, Perez-Hernandez's conviction became final on that date. Clay v. U.S., 537 U.S. 522 (2003).

### 5. New Charges & Revocation of Supervised Release

On October 23, 2018, Perez-Hernandez was again found within the United States, this time in New Mexico. Dkt. No. 12-1.  On November 20, 2018, the Court transferred supervision of the term of supervised release imposed in the instant case to the United States District Court for New Mexico, to be considered as part of the charges pending there. CR Dkt. No. 159.

On November 26, 2019, the District Court for New Mexico revoked Perez-Hernandez's supervised release and sentenced him to eight months of imprisonment. Dkt. No. 12-2.  That term of imprisonment was to be served consecutively to the 63 month sentence that was imposed as part of his underlying conviction for the offense committed by his presence in New Mexico. Id.

### B. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On February 18, 2022, almost four years after his judgment became final, Perez-Hernandez  filed the instant § 2255 motion, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1.

Perez-Hernandez's petition is a bit unclear, but the Court understands him to be making the following claims: (1) ineffective assistance of counsel based on counsel's failure to investigate; (2) ineffective assistance of counsel because he (Perez-Hernandez) did not understand the implications of going to trial as opposed to pleading guilty; (3) his defense attorney was acting as a prosecutor; (4) the district court erred by not allowing him

5

to replace his counsel; (5) his sentence was excessive; (6) his criminal case should have been dismissed because it was "more of an immigration issue;" (7) there was insufficient evidence to support the jury verdict; and (8) the district court "committed actual bias by participat[ing] in the process." Dkt. No. 1.

On February 22, 2022, the Court ordered the Government to file a response to the petition. Dkt. No. 7.

On April 22, 2022, the Government timely filed a response to the petition, arguing that it is time-barred and substantively meritless. Dkt. No. 12.

## II.  Applicable Law

### A. Section 2255

Perez-Hernandez seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1.  As relevant here, that section provides:

> (a)  A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Where a § 2255 petitioner exhausts or waives his direct appeal, courts may presume that he was fairly convicted. U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001).  Generally, a petitioner may not raise on collateral attack issues that he failed to raise on direct appeal, absent a showing of cause and prejudice. Id.

"In a habeas action, federal courts stand willing to review issues of jurisdiction, allegations of substantial constitutional violations, and claims that exceptional circumstances resulted in a fundamental miscarriage of justice." Lawrence v. McCarthy, 344 F.3d 467, 474 (5th Cir. 2003).

**B. Timeliness**

As relevant here, the Antiterrorism and Effective Death Penalty Act ("AEDPA"), as it applies to 28 U.S.C. § 2255, imposes a one-year period of limitation from the date on which judgment of conviction becomes final. 28 U.S.C. § 2255 (f)(1). This operates as a statute of limitations, rather than a jurisdictional bar, and is subject to equitable tolling. Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).

The doctrine of equitable tolling is reserved for "rare and exceptional circumstances." Id. A petitioner bears the burden of establishing that equitable tolling is appropriate. U.S. v. Petty, 530 F.3d 361, 365 (5th Cir. 2008). The principal application of equitable tolling is where the petitioner has been actively misled about the cause of action or is "prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). Equitable tolling is applicable only where a petitioner has otherwise diligently pursued his claim. Id. at 403.

**C. Ineffective Assistance of Counsel**

An ineffective assistance of counsel claim brought under § 2255 is subject to the two-prong analysis articulated in Strickland v. Washington, 466 U.S. 668 (1984). U.S. v. Grammas, 376 F.3d 433, 436 (5th Cir. 2004). To establish ineffective assistance, the petitioner must show: (1) that defense counsel's performance was deficient; and, (2) that the deficient performance prejudiced the defendant. Grammas, 376 F.3d at 436.

To prove that counsel's performance was deficient, petitioner must show that "it fell below an objective standard of reasonableness." U.S. v. Juarez, 672 F.3d 381, 385 (5th Cir. 2012). Courts will not "audit decisions that are within the bounds of professional prudence." U.S. v. Molina-Uribe, 429 F.3d 514, 518 (5th Cir. 2005).

**III. Analysis**

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, where the information available in the record and the clarity of the facts demonstrate a clear absence of entitlement to relief, a hearing is not required. U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992) ("A motion brought under § 2255 can be denied without a hearing only if the motion, files, and records

of the case conclusively show that the prisoner is entitled to no relief.").  The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Perez-Hernandez's claims, a basic premise is that allegations by pro se litigants must be given liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Even applying that standard, neither the record – nor law – support Perez-Hernandez's claim.

**A. Timeliness**

Perez-Hernandez's § 2255 motion is untimely filed and should be dismissed.

As previously noted, the Fifth Circuit affirmed Perez-Hernandez's conviction and sentence on February 9, 2018. CR Dkt. No. 56.  Perez-Hernandez did not file a petition for writ of certiorari with the Supreme Court.  Perez-Hernandez had 90 days in which to file that petition; that deadline expired on May 10, 2018. SUP. CT. R. 13.1. Thus, Perez-Hernandez's conviction became final on that date. Clay, 537 U.S. 522.

The statutory deadline began to run when Perez-Hernandez's conviction became final.  As relevant here, the one-year deadline to file the instant petition runs from the later of: (1) the date that the conviction becomes final; or (2) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(1)-(4).

Perez-Hernandez's claim is clearly untimely under the former deadline.  He had until May 10, 2019, to timely file his petition under § 2255(f)(1).  He did not file until February 2022, almost three years later.

The latter deadline is inapplicable to this case, because the factual predicate for his claims were available to Perez-Hernandez when the written judgment was released.

He may not have fully understood the implications of the written judgment until he entered federal custody, but the limitations period is not based on when Perez-Hernandez understood the import of the factual predicate, or even when Perez-Hernandez had possession of the judgment. See Saenz v. U.S., No. CR M-03-498-10, 2013 WL 12404976,

8

at *3 (S.D. Tex. Feb. 22, 2013) ("Section 2255(f)(4) refers to the discovery of the factual predicate of the claim, not the discovery of the legal theory or the legal significance of the facts"); Osborne v. Hall, 934 F.3d 428, 432 (5th Cir. 2019) (one-year clock begins running on "the date a petitioner is on notice of the facts which would support a claim, not the date on which the petitioner has in his possession evidence to support his claim.").

Accordingly, Perez-Hernandez should have been aware of the factual predicate — with due diligence — on March 22, 2017, when he was sentenced. CR Dkt. No. 105. His petition is not timely under § 2255(f)(4).

Furthermore, the revocation of supervised release does not reset the clock for filing a 2255 petition attacking the original conviction and sentence. U.S. v. Hinson, 429 F.3d 114, 116 (5th Cir. 2005).[3]

Furthermore, there is no basis in the record for equitable tolling. Perez-Hernandez claims that the Fifth Circuit granted him a certificate of appealability for his § 2255 petition, but the record does not reflect that. Rather, the record shows that the Fifth Circuit Clerk's Office informed him that any such filing should be made with the district court. Dkt. No. 1, p. 14.

Additionally, Perez-Hernandez states that due to "extremely difficult circumstances that were beyond [his] control," he was unable to timely file his petition. Dkt. No. 1, p. 11. The Court notes that Perez-Hernandez was again arrested in New Mexico on October 23, 2018. Dkt. No. 12-1. So, not only was he here in the United States illegally, but he had the opportunity to file his claim. Indeed, he had until May 10, 2019, to timely file a claim under § 2255(f)(1), so he was within the United States during the limitations period and could have timely filed his petition.

---

[3] It does not appear that Perez-Hernandez is seeking to attack or overturn the revocation of his supervised release in the instant case. If he were, such a petition must be filed in the United States District Court for New Mexico, which revoked his supervised release. See Gaines v. Kastner, 2007 WL 2021743, at *1 (E.D. Tex. July 9, 2007) ("in a case where a prisoner is complaining about the revocation of a term of supervised release," the § 2255 petition must be filed "in the court where the order of revocation was entered").

Equitable tolling requires that Perez-Hernandez pursue his rights diligently. U.S. v. Wheaten, 826 F.3d 843, 851 (5th Cir. 2016). Perez-Hernandez is required to show that he exercised "reasonable diligence[.]" He is not required to prove "maximum feasible diligence." Holland v. Fla., 560 U.S. 631, 653 (2010). Nevertheless, under any standard, Perez-Hernandez failed to exercise the required diligence.

There is no evidence in the record that Perez-Hernandez did anything to diligently pursue his rights within the statutory one year period to prepare and file his petition.

In short, Perez-Hernandez has not demonstrated reasonable diligence; for this reason, the Court does not need to reach the question of whether "rare and exceptional" circumstances are present. U.S. v. Perkins, 481 F. App'x 114, 119 (5th Cir. 2012). Equitable tolling is not warranted in this case.

Accordingly, Perez-Hernandez's petition should be dismissed as untimely filed. Even if the petition is considered on its merits, it fares no better and should be denied.

**B. Ineffective Assistance of Counsel**

Perez-Hernandez makes several claims of ineffective assistance of counsel: (1) counsel failed to investigate his case; (2) counsel did not inform him about the pros and cons of taking his case trial; (3) counsel acted as a prosecutor. All of these claims are belied by the record.

As to the claim that counsel failed to investigate his case, his trial counsel was able to retain an immigration law expert to determine if Perez-Hernandez had any claim to U.S. citizenship. CR Dkt. Nos. 27, 28. The expert concluded that Perez-Hernandez had no basis for such a claim. CR Dkt. No. 143, pp. 2-6.

Perez-Hernandez was represented by six lawyers and a seventh reviewed his case as an expert on immigration law; none of them were able to find a valid claim to citizenship. "[T]o succeed on a claim for failure to investigate, a defendant must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." U.S. v. Bernard, 762 F.3d 467, 477 (5th Cir. 2014) (internal quotation marks omitted). Perez-Hernandez has not stated any facts that were missed by these seven

attorneys that would have altered the outcome of the trial.  Thus, this claim should be denied as meritless.

As to the claim that counsel failed to inform Perez-Hernandez of the pros and cons of going to trial, the Court asked Perez-Hernandez's counsel at the final pretrial hearing whether they had discussed that issue. CR Dkt. No. 142, p. 2.  Counsel briefly explained that he had told Perez-Hernandez what his sentence would be if he pled guilty versus going to trial. Id.  The Court asked Perez-Hernandez if he still wanted to go to trial, knowing those downsides. Id.  Perez-Hernandez replied, "Yes, Your Honor." Id.  "Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).  Again, Perez-Hernandez has pled no facts to overcome this presumption.  This claim should be denied as meritless.

Finally, as to the claim that defense counsel was acting as a prosecutor, this claim, as are the others, is meritless.  As an initial matter, Perez-Hernandez does not identify which of his counsel was acting as a prosecutor or how this counsel acted as a prosecutor. Briefly stated, the Court does not know what claim Perez-Hernandez is attempting to make or against whom.

What the Court can say is that, "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition ..., unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." Ross v. Estelle, 694 F.2d 1008, 1011–12 (5th Cir. 1983) (citing Woodard v. Beto, 447 F.2d 103 (5th Cir. 1971)).  In short, conclusory allegations are insufficient to raise a constitutional issue. U.S. v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993). This claim should be denied as meritless.

### C. Replacing Counsel

Perez-Hernandez argued that the district court erred by not allowing him to replace his counsel.  This claim is similarly meritless.

"[I]ndigent defendants have no right to appointed counsel of their choice." U.S. v. Fields, 483 F.3d 313, 350 (5th Cir. 2007).  "The court is constitutionally required to provide substitute counsel only if there is a substantial conflict or problem affecting the ability to

represent the defendant—a conflict of interest, a complete breakdown in communication or an irreconcilable conflict which led to an apparently unjust verdict." <u>U.S. v. Conlan</u>, 786 F.3d 380, 391 (5th Cir. 2015) (internal quotation marks omitted).  Perez-Hernandez was represented by six different attorneys during his criminal proceedings.  He "does not demonstrate how substitute counsel could have performed any differently under the circumstances." <u>U.S. v. Mitchell</u>, 709 F.3d 436, 442 (5th Cir. 2013).  Absent such a showing, his claim should be denied. <u>Id</u>.  This claim should be denied as meritless.

### D. Sentence

Perez-Hernandez argues that his sentence was excessive.  Once again, this claim is meritless.

A sentence within the Guideline sentencing range is presumed to be reasonable; under those circumstances, "it will be rare for a reviewing court" to find a sentence to be unreasonable or excessive. <u>U.S. v. Mares</u>, 402 F.3d 511, 519 (5th Cir. 2005).  Perez-Hernandez had a guideline sentencing range of 21 to 27 months. CR Dkt. No. 113.  He received a sentence of 24 months.  He has pled no facts to show that this within-Guidelines sentence was unreasonable.  This claim should be denied as meritless.

### E. Dismissal of Charges

Perez-Hernandez argues that his criminal case should have been dismissed because it was "more of an immigration issue."  This claim is also without merit.

Congress has the constitutional authority to determine a uniform rule of naturalization. U.S. Const. art. I, § 8, cl. 4. "That power bestows the ability to create rules regarding both the requirements for citizenship and the potential consequences for failing to meet those requirements." <u>U.S. v. Vasquez</u>, 1 F.4th 355, 359 (5th Cir. 2021).  In other words, Congress possesses the authority to create criminal laws to enforce its immigration laws. <u>U.S. v. Hernandez-Guerrero</u>, 147 F.3d 1075, 1078 (9th Cir. 1998) (noting that § 1326 is "a necessary piece of the immigration regulation framework; without the threat of criminal prosecution that it provides, Congress's immigration-regulation authority would be fatally undermined—all bark and no bite.").  There was no legal basis to dismiss this

case as a "mere immigration matter," because clearly it was not. This claim should be denied as meritless.

### F. Insufficient Evidence

Perez-Hernandez argues that there was insufficient evidence to support the jury verdict. Again, this claim is meritless.

As part of a § 1326 conviction, "the government must prove that the defendant (1) is an alien (2) who has been previously arrested and deported or excluded and deported and thereafter (3) is found in the United States without the permission of the Attorney General." U.S. v. Serna-Villarreal, 352 F.3d 225, 233 (5th Cir. 2003). Perez-Hernandez testified in his own defense. He testified that he was born in Mexico. CR Dkt. No. 144, p. 6. He testified that he was deported from the United States. Id., p. 17. He also testified that he was found in the United States. Id. His testimony standing alone, to say nothing of the Government's evidence, was sufficient for the jury to find him guilty. See Edmondson v. U.S., 80 F.2d 517, 518 (5th Cir. 1935) (the defendant's "own evidence was sufficient to convict him"). This claim should be dismissed as meritless.

### G. Bias

Perez-Hernandez alleges that the district court "committed actual bias by participat[ing] in the process." Dkt. No. 1. This claim warrants little attention.

Perez-Hernandez does not explain what the district court did which indicated bias or unethical participation in the process. This conclusory allegation is insufficient to raise a constitutional issue. Pineda, 988 F.2d at 23. This claim should be denied as meritless.

## IV. Recommendation

It is recommended that the Petitioner Pedro Perez-Hernandez's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be dismissed as untimely filed, or alternatively, denied as meritless.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing

of the denial of a constitutional right." § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).  To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. <u>Id</u>. at 327; <u>Moreno v. Dretke</u>, 450 F.3d 158, 163 (5th Cir. 2006).  A district court may <u>sua sponte</u> rule on a COA, because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Perez-Hernandez's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason.  Although Perez-Hernandez's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Accordingly, it is recommended that a COA should be denied.

**B. Notice to Parties**

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1).  A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a <u>de novo</u> review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a <u>de novo</u> review of the record, the parties may not attack those findings

on appeal, except on the grounds of plain error. <u>Alexander v. Verizon Wireless Servs.,</u> <u>L.L.C.</u>, 875 F.3d 243, 248 (5th Cir. 2017).

 DONE at Brownsville, Texas on April 27, 2022.

                   _____
                   Ronald G. Morgan
                   United States Magistrate Judge