Case 1:22-cv-00016 Document 21 Filed on 07/15/22 in TXSD Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
July 15, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| PEDRO PEREZ HERNANDEZ § | |
| § | |
| Petitioner § | |
| VS. § | CIVIL ACTION NO. 1:22-CV-016 |
| § | CRIM. ACTION NO. 1:15-CR-775 |
| UNITED STATES OF AMERICA § | |

## ORDER AND OPINION

In February 2022, Plaintiff Pedro Perez-Hernandez, representing himself, filed a Motion to Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C. § 2255, challenging his conviction for illegal reentry on the grounds that he received ineffective assistance of counsel, that the district court abused its discretion, that the district court interfered with his criminal proceedings, and that the district court showed actual bias. (Motion, Doc. 1)

A United States Magistrate Judge recommends that Perez's motion be denied as untimely and substantively meritless. (R&R, Doc. 13) Perez objects to the recommendation on the same three issues raised before the Magistrate Judge, arguing "that the grounds been stated by the Magistrate are incomplete." (Objections, Doc. 20, 11) The Court reviews the portions of the Report and Recommendation to which Perez objects *de novo* and all other portions for plain error. *See* FED. R. CIV. P. 72(b)(3).

Based on the issues raised within Perez's motion and the applicable law, the Court concludes that the Report and Recommendation correctly applies the law to the alleged facts. Perez's motion is time-barred because he filed it well beyond one year after his conviction became final, and he fails to demonstrate any "rare and exceptional circumstances" to justify an "equitable toll" of the one-year deadline. *See* 28 U.S.C. § 2255(f)(1); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). And for the reasons expressed in the Report and Recommendation, the Court agrees that Perez's motion is substantively meritless.

In his objections, Perez also attempts to resurrect his claim that he acquired derivative United States citizenship through his father. (Objections, Doc. 20, 4) According to the state-court records, Perez pursued this claim prior to his criminal trial until his defense counsel determined it was meritless. (Jury Selection Transcript, No. 1:15-CR-775, Doc. 143, 6:14–7:03) In the current matter, Perez did not raise this issue in his original Petition. "It is well settled that issues raised for the first time in objections to a magistrate judge's report are deemed not properly before the district court and therefore cannot be raised on appeal." *K Invs., Inc. v. B-Gas Ltd.*, No. 21-40642, 2022 WL 964210, at *5 (5th Cir. Mar. 30, 2022); *see also United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992) ("Instead, Armstrong first argued these issues in his objections to the magistrate judge's findings, conclusions and recommendations. These issues were not properly before the district court, therefore this court will not address them."). Perez's objections on this matter are not properly before the Court and are disregarded.

As a result, the Court **OVERRULES** Perez's objections and **ADOPTS** the Report and Recommendation (Doc. 13). It is:

**ORDERED** that Plaintiff Pedro Perez-Hernandez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct his Sentence (Doc. 1) is **DENIED**.

In addition, the Court finds that no outstanding issue would be debatable among jurists of reason, and that Perez fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, the Court **DENIES** a Certificate of Appealability.

This Order is a final and appealable judgment.

The Clerk of Court is directed to close this matter.

Signed on July 15, 2022.

*Fernando Rodriguez, Jr.*
Fernando Rodriguez, Jr.
United States District Judge